F I L E D
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 1 8 2003

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERI SMITH,

        Plaintiff,

vs.    CIVIL NO. 03-189 JP/LFG

STATE OF NEW MEXICO et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS, BUT DISMISSING CASE WITHOUT PREJUDICE

### Waiver of Filing Fee

Cheri Smith ("Smith") seeks the Court's order declaring her to be indigent and to proceed with her proposed litigation without the payment of costs and fees. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes waiver of those fees. The intent of the statute is to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S.Ct. 85, 90 (1948).

Smith submitted an *in forma pauperis* affidavit indicating that she has liquid assets of $10.00, but that she has stocks, bonds, notes, automobiles and other personal property valued at $42,335.00. She contends that her spouse is disabled and that she is unemployed, and that she has outstanding financial obligations approaching $122,000.00. Further, she claims that due to lack of available funds, she can neither pay the costs of the action nor give security.

Based on Smith's representations, the Court authorizes the filing of her complaint without the payment of a filing fee.

## *Sua Sponte* Analysis

While Congress has removed barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were specifically authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e) (2). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109-1110 (10th Cir. 1991). However, if the defect is in the pleading and the pleading may be cured by appropriate allegations, the dismissal of the complaint should be without prejudice to the plaintiff filing another complaint with valid allegations.

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a pro se complaint must be liberally construed. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995); Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Smith's Complaint.

2

Smith's present complaint will not withstand scrutiny under Fed. R. Civ. P. 12(b)(6). For example, she names the State of New Mexico as a defendant, as well as various State agencies and officials, and contends that she is suing the officials in their official as well as individual capacities.

Lawsuits against states seeking monetary relief are clearly not actionable under 42 U.S.C. § 1983. A state is not a person for purpose of this section. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304 (1989). Further, given Eleventh Amendment immunity, Smith may not bring a case against the State unless the State consents to be sued. Thompson v. Colorado, 278 F.3d 1020, 1024 (10th Cir. 2001), cert. denied, 122 S. Ct. 1960 (2002). Thus, to the extent Smith seeks monetary damages against the State or the State's officials in any official capacity, her claims are barred as a matter of law. Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985); ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1187 (10th Cir. 1998), cert. denied, 525 U.S. 1122 (1999).

While Smith may assert 42 U.S.C. § 1983 claims against particular State employees who are alleged to have violated Smith's federal or constitutionally protected rights while acting under color of state law, it appears that many of the Defendants are named simply because they are in the chain of authority. *Respondeat superior* does not form a basis for Section 1983 liability. Worrell v. Henry, 219 F.3d 1197, 1214 (10th Cir. 2000), cert. denied, 533 U.S. 916 (2001). Rather, Smith must demonstrate that a particular employee, acting under color of state law, violated her constitutional or federally protected rights in a particular way. Id. Simple conclusory allegations without specific details of who is alleged to have done what to whom, and how that action constituted a violation of a federally protected right, will not suffice. Mead v. Grubbs, 841 F.2d 1512, 1530-31 (10th Cir. 1988).

3

Similarly, Smith asserts common law claims against the State and public employees. Claims brought against the State and employees in the course and scope of their employment must be brought pursuant to the provisions of the New Mexico Tort Claims Act. NMSA 1978 § 41-4-4(A); Garcia v. Board of Ed., 777 F.2d 1403, 1407 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986).

Smith's complaint in this area is deficient for several reasons. First, some of the claims which Smith seeks to advance are not torts for which immunity has been waived by the Tort Claims Act. *See*, for example, Paragraph 11, in which Smith seeks to assert "common law tort [for] improper medical care, false imprisonment of due process." Additionally, the complaint on its face indicates that some of the claims raised by Smith occurred well beyond the two-year statute of limitations contemplated by the New Mexico Tort Claims Act. NMSA 1978 § 41-4-15(A). *See, e.g.*, Paragraph 7, which indicates that the alleged assault occurred on August 18, 2000, and this complaint was filed on February 6, 2003, beyond the applicable statute of limitations.

Finally, some of Smith's claims are not actionable under the lawsuit filed. For example, her claims that the Department of Corrections failed to grant appropriate good-time credits is more appropriately brought under a petition for writ of habeas corpus. Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). So too, prison condition claims referred to in Paragraphs 7, 8 and 11 must be administratively exhausted. In 1995, as part of the Prison Litigation Reform Act, Congress provided that "No action shall be brought with respect to prison conditions under § 1873 . . . . or any other federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion is mandatory and applies to all inmate suits about prison life, whether the allegations involve general circumstances or particular episodes and regardless of the type of relief sought. Porter v. Nussle, 534 U.S. 516, 524, 532, 122 S. Ct. 983, 988, 992 (2002).

4

In sum, the Court finds that Smith's complaint is deficient and fails to state an actionable cause under Rule 12(b)(6). Accordingly, the Complaint will be dismissed. The dismissal, however, will be without prejudice to allow Smith an opportunity to correct her pleading defects if she so desires. Smith is encouraged to carefully review the pleading requirements under Rule 8 and 11 prior to filing any further lawsuits.

IT IS THEREFORE ORDERED that Smith is granted *in forma pauperis* status; that her complaint be filed; and that her complaint be dismissed without prejudice.

*[signature]*
UNITED STATES DISTRICT JUDGE

5